# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID A. VOSS,
    Appellant,

   v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
CH-0752-13-2793-I-1

DATE: March 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Voss, New Brighton, Minnesota, pro se.

Karin A. Greeman, Esquire, Bloomington, Minnesota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his furlough from employment due to sequestration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  The appellant serves as a contract administrator with the Department of Defense's Defense Contract Management Agency and was furloughed from employment for no more than 88 hours following the President's March 1, 2013 sequester order. Initial Appeal File (IAF), Tab 10 at 16-17. The appellant filed an appeal of the agency's furlough action, which the administrative judge sustained. IAF, Tab 18, Initial Decision (ID). In her initial decision, the administrative judge found that the agency established cause for taking the furlough due to the budget constraints placed on the agency following sequestration and that the agency proved that it imposed the furlough in a fair and even manner. ID at 4-5. The administrative judge, moreover, rejected the appellant's claims that the agency could have avoided furloughing employees by implementing other cost-savings measures and that the agency treated tenured employees differently than either probationary employees or Presidential appointees. ID at 8. Finally, the administrative judge found no evidence that the agency failed to conduct an individualized assessment of the need to furlough employees or that the agency committed harmful procedural error in imposing the furlough. ID at 8-9.

¶3       The appellant has filed a petition for review reasserting many of the same arguments he presented below. Petition for Review (PFR) File, Tab 1. Specifically, he argues that a furlough should not be classified as an adverse action because it is nondisciplinary in nature and that other measures could have been taken that would have offset the need to furlough employees. *Id*. at 5-6. The appellant also reasserts that 5 C.F.R. part 752 is unfair because it treats tenured employees differently than other Federal employees for the purposes of a furlough and that the agency treated certain Federal employees differently based on their employment status. *Id*. at 9, 11. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

¶4       The Board has found that an agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). Proving that the furlough was imposed in such a manner, however, does not mean that the agency must satisfy the Board's sense of equity. *Id*. Rather, the agency must show that it treated similar employees similarly and it must justify any deviations with legitimate management reasons. *Id*.

¶5       The Board, moreover, has held that the efficiency of the service standard for a furlough action does not encompass agency spending decisions per se and that the efficiency of the service must be judged from the viewpoint of the Department of Defense (DOD), and not from the individual military departments under its authority. *See Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶¶ 13-14 (2014); *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 11 (2014). In

*Yee*, the Board sustained the furlough action upon finding that it was reasonable for the DOD to consider its budget situation holistically, rather than considering each military department's situation individually. *Yee*, 121 M.S.P.R. 686, ¶¶ 13-14. Additionally, in *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 (2015), the Board explained that an agency is not required to show that any funds saved from an employee's furlough were actually used for any other purpose; instead, the Board found that, to meet the efficiency of the service standard, it is enough for the agency to show that the furlough action was a reasonable management solution when the action was taken. The U.S. Court of Appeals for the Federal Circuit recently issued a precedential decision affirming *Einboden*, finding that an agency is not "required to show actual reprogramming of the funds saved by [an employee's] furlough." *Einboden v. Department of the Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015).

¶6        We have considered the appellant's arguments on petition for review and find that they fail to present a basis for overturning the initial decision. We agree with the administrative judge that the agency established its need to furlough employees based on the budget constraints imposed by the sequester order and that it did so in a fair and even manner. ID at 4-5. The appellant's argument that the agency could have avoided furloughing employees by enacting preventative cost-savings measures does not undermine the administrative judge's finding that the agency established its need to furlough employees based on a budget shortfall. An agency's spending decisions are generally beyond the scope of the Board's consideration in such appeals, and, as stated above, an agency need not satisfy the Board's sense of equity in establishing a need to furlough an employee. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 10-11.

¶7     We further find no merit to the appellant's allegations of differing treatment based on his status as a tenured employee.[2]  As the administrative judge carefully explained, the regulations cited by the appellant outline the statutory rights of tenured employees in the competitive and excepted service under chapter 75 of title 5, and these rights do not apply to, among others, probationary employees, employees appointed "by and with the advice and consent of the Senate," and Presidential appointees.  5 C.F.R. § 752.402(d)(1), (3), (13).  These employees' exclusion from coverage under chapter 75 does not imply that an agency may not furlough such employees; rather, their exclusion only means that they do not have adverse action appeal rights to the Board.  *See* 5 U.S.C. § 7511(b); *Hamlett v. Department of Justice*, 90 M.S.P.R. 674, ¶ 8 (2002).  Additionally, we find no support in the record for the appellant's argument that tenured employees or employees who were covered by the Federal Employees' Retirement System were specifically targeted by the agency or that their tenured status played a role in the agency's decision making.  *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 15 (2014) (explaining that an appellant's tenure generally does not play a role in a furlough of 30 days or less); PFR File, Tab 1 at 11.

¶8     We have considered the remainder of the appellant's challenges to the agency's furlough action, and we find that they do not present a basis for overturning the furlough.  As the Federal Circuit recently explained, an agency has "wide berth" in determining "what type of adverse action is necessary to promote the efficiency of the service," and we find that the agency implemented its furlough in a fair and even manner in this case.  *Einboden*, 802 F.3d at 1325.  The administrative judge's initial decision sustaining the appellant's furlough is accordingly affirmed.

---

[2]  We find no merit to the appellant's claim that Federal employees, as a whole, comprise a cognizable race under Title VII of the Civil Rights Act of 1964.  PFR File, Tab 1 at 10-11, Tab 4 at 7.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                             _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.